(No. 35158.—

ORVILLE McGILL, Appellant, *vs.* ILLINOIS POWER COMPANY, INC., *et al.,* Appellees.

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

WM. D. HANAGAN, of Mt. Vernon, for appellant.

WHAM & WHAM, of Centralia, WILLIAM B. WHAM, of counsel,) and CRAIG & CRAIG, of Mt. Vernon, (GLENN E. MOORE, of counsel) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Orville McGill appeals directly to this court from a final judgment which dismissed his amended complaint and entered judgment against him for costs. The complaint alleged that while he was putting a roof on a shed being erected on the premises of his employer, the Mt. Vernon Truck Body Co., he came into contact with an improperly insulated electric supply line of the Illinois Power Co., Inc. The shock he received caused him to fall from the shed and to sustain injuries.

The complaint was in three counts. Each count alleged the plaintiff's freedom from contributory negligence and the negligence of the named defendants. On defendants' motion the trial court ruled that each count was defective because the plaintiff and his employer were under the

Workmen's Compensation Act and the complaint failed to allege that the plaintiff's employer and his coemployees were not guilty of negligence. The motion to dismiss and the trial court's judgment were based upon the ground that the missing allegation was required by section 5(b) of the Workmen's Compensation Act. Ill. Rev. Stat. 1957, chap. 48, par. 172.40.

Subsequently the plaintiff filed a motion to vacate the order dismissing his complaint, on the ground that section 5(b) of the act, as construed by the court, violated his rights under the constitutions of Illinois and of the United States. The court specifically held that section 5(b), so construed, was not unconstitutional and entered final judgment against the plaintiff.

An issue as to the validity of the statute was thus squarely passed upon by the trial court and we therefore have jurisdiction on direct appeal. (Ill. Rev. Stat. 1957, chap. 110, par. 75.) But in view of our decision in *Rylander* v. *Chicago Short Line Railway Co.* 17 Ill.2d 618, which holds that section 5(b) of the Workmen's Compensation Act has no application to an employee's common-law right of action against a third-party tortfeasor, it is unnecessary to consider the constitutional questions raised by the plaintiff. We retain jurisdiction, however, to consider other questions raised by the plaintiff on appeal and by the defendants on cross appeal even though these matters, considered alone, would not warrant a direct appeal. *Goodrich* v. *Sprague*, 376 Ill. 80; *People ex rel. Farwell* v. *Kelly*, 367 Ill. 616.

The first of these questions concerns the dismissal of count 2 of the complaint. That count named as defendants the power company and two of its employees, Paul Sammons and Paul Dickey. It alleged that during the course of their employment Sammons and Dickey knew that the plaintiff or others would be working close to the power lines of their employer and knew or should have known

that the power lines in question were not properly insulated and would be a source of danger to those working nearby; that it was their duty to exercise reasonable care for the safety of the plaintiff and that they negligently omitted to warn the plaintiff of the danger of approaching the power lines or to cut off the electric power or to cause it to be cut off, when they knew or should have known that their failure to do so might cause the plaintiff or others to be in great danger of bodily harm.

In addition to their attack based on section 5(b) of the Workmen's Compensation Act, the defendants Sammons and Dickey challenged count 2 on other grounds. They asserted that the plaintiff failed to allege that they knew or should have known on the date of plaintiff's injury that the shed in question had been erected or that anyone working on it would come in contact with the supply lines of the Illinois Power Co.; that count 2 contained no allegations that they had power or authority to cut off the electric power or to cause it to be cut off; and that no facts were alleged to show that they had any duty to exercise reasonable care for the plaintiff's safety.

We believe that the motion to dismiss count 2 of the complaint on these grounds should have been overruled. Paragraph 9 of count 2 alleged that the defendants "knew that said building was being erected and that plaintiff and others would be working close to the power lines * * *." Paragraph 4 alleged that the defendants were "agents or employees of the Illinois Power Company, Inc., and were at all times herein mentioned in the course of their employment * * *." These defendants were employees of the power company, which was engaged in the hazardous enterprise of distributing electrical energy, an enterprise that required a high degree of care. If there were relevant limitations upon their authority to cut off the power or to report what they had seen, those limitations can be developed by answer and upon the trial. The allegations of the

complaint show that they observed a potentially perilous situation, and one to which they were not strangers. It thus became their duty to take steps themselves to avert that peril or to communicate what they had observed to those who were in a position to act.

The other question arises on the cross appeal, and it relates to the trial court's ruling upon the defendants' application for discovery. Before this action was commenced, the plaintiff had filed a claim for workmen's compensation, and in connection with that claim had taken the depositions of Sammons and Dickey. The defendants sought access to these depositions, as documents pertaining to the merits of the matter in controversy under Rule 17. (Ill. Rev. Stat. 1957, chap. 110, par. 101.17.) They offered to pay the reporter who took the depositions for copies of the transcripts or for retyping her notes, but she refused because the plaintiff's attorney had instructed her to do so. In the trial court the plaintiff took the position that the depositions were privileged as documents prepared in preparation for trial, (Ill. Rev. Stat. 1957, chap. 110, par. 101.19—5,) and that position was sustained. In this court the plaintiff also argues that the depositions are privileged as the "work-product" of his attorney.

Neither position is sound. The documents with which we are concerned are depositions taken pursuant to law. They are the product of the power of the State to compel the testimony of witnesses rather than of the ingenuity or resourcefulness of any lawyer. The State makes available its compulsory process to compel witnesses to attend and give testimony on a pretrial deposition in order to assist in the ascertainment of the truth. To sanction something akin to a property right in the transcript of testimony so taken would frustrate that purpose. A deposition that can be taken only after notice is given to adverse parties can not be regarded as coming within the privilege against discovery that is provided by Rule 19—5. The purpose of discovery

depositions and the conditions upon which they may be taken make it clear that they are not entitled to the protection that plaintiff seeks to establish for them.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*