(No. 36610.—

HERBERT STIMPERT, Admr., Appellant, *vs.* RICHARD ABD-NOUR, JR., *et al.,* Appellees.

*Opinion filed January 23, 1962.*

KEVIN D. KELLY, of La Salle, and MCNEILLY & OLIVERO, of Peru, for appellant.

ZWANZIG, THOMPSON & LANUTI, of Ottawa, for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This case involves the construction of our Rule No. 19—5(1). (Ill. Rev. Stat. 1959, chap. 110, par. 101.19—5.) Plaintiff was held in contempt and fined $100 by the trial court for refusal to comply with an order of the court requiring him to furnish defendants with a copy of a statement obtained by plaintiff and his attorney from the minor defendant prior to filing the suit. Plaintiff subjected himself to the contempt proceeding as an appropriate method of testing the validity of the pretrial order. (*Kemeny* v. *Skorch*, 22 Ill. App. 2d 160.) Upon appeal from the judgment of contempt, the Appellate Court affirmed. We have granted leave to appeal because of the importance of the question involved.

Plaintiff's intestate, his minor son, lost his life while riding as a guest passenger in a 1953 Ford owned by the defendant Richard Abdnour, Sr. and driven by the minor defendant, Richard Abdnour, Jr. One week after the inquest, where young Abdnour declined to testify on advice of counsel, plaintiff and his attorney went to the high school where the decedent and young Abdnour had been close friends and students together, and took a question and answer statement from young Abdnour in the presence of a court reporter. Abdnour was questioned about the mechanical condition of his car and the recklessness and incompetence of his driving at the time of the accident. It is this statement which the plaintiff refused to produce on the order of the trial court. While we do not have the statement before us, it would seem from the complaint that

the allegations of wilful and wanton misconduct on the part of young Abdnour, and the negligence of the senior Abdnour, are grounded in whole or in part from the information obtained during the taking of the statement. Among other things the complaint charges speeding, zigzagging across the center line, defective brakes, defective mechanical condition and a defective front wheel. The questions and answers were later transcribed and are in the possession of plaintiff's lawyer.

The record further shows that the plaintiff attended the inquest and presumably heard what transpired there; that both boys were minors; that they had ridden together frequently; that neither the plaintiff nor any members of his family had talked with young Abdnour prior to the statement; and that the statements of young Abdnour in the document are at variance with his pretrial deposition subsequently taken. In answer to interrogatories plaintiff readily admitted the taking of the statement and in open court offered to produce it for the court's examination on condition that it be neither shown to nor discussed with defense counsel. When ordered to produce the document for examination by defense counsel, plaintiff declined on the grounds that the document was exempt from pretrial discovery under our Rule No. 19—5(1), as a document prepared by or for a party in preparation for trial, and for the further reason that it was the work product of his attorney and was, for that reason, exempt. The finding of contempt and the imposition of the fine followed in due course.

Rule 19—5(1) provides as follows: "All matters which are privileged against disclosure upon the trial are privileged against disclosure through any discovery procedure. Disclosure of memoranda, reports or documents made by or for a party in preparation for trial or any privileged communications between any party or his agent and the at-

torney for the party shall not be required through any discovery procedure."

The issue in this case is whether a party may be compelled to produce, for pretrial discovery, a statement obtained from an opposite party. Stated conversely, does Rule 19—5(1) exempt such a statement from discovery?

The first and last of the exemptions contained in Rule 19—5(1) are clearly inapplicable. This statement of a party to a lawsuit is not privileged against disclosure upon trial, nor is it a confidential communication between a party and his attorney. The statement is therefore not exempt from discovery unless it is "memoranda, reports or documents made by or for a party in preparation for trial."

The Appellate Courts of this State have on several occasions interpreted this language, both in relation to the present rule and its predecessor, Rule 17, (Ill. Rev. Stat. 1953, chap. 110, par. 259.17,) which contained substantially the same language.

In *Hayes* v. *Chicago Transit Authority*, 340 Ill. App. 375, the court inferred that a signed statement of plaintiff made to defendant's claim agent was exempt from discovery. It appears from the facts, however, that the statement was sought for the sole purpose of proving compliance with the provisions for a six-month statutory notice to the municipality. The court properly held, upon that record, that the statement sought did not fulfill the statutory requirement of notice in that it was not filed with the secretary and general attorney of the Authority.

In *Chapman* v. *Gulf, Mobile and Ohio Railroad Co.* 337 Ill. App. 611, the court upheld the denial of a motion for production of a stenographic statement of a witness taken by defendant, on the ground that such a statement was hearsay and not material or relevant to the merits of the case. The foregoing cases were followed in *People* v. *White*, 8 Ill. App. 2d 428, in relation to a witness's state-

ment, and reluctantly in *Kemeny* v. *Skorch*, 22 Ill. App. 2d 160, with respect to the report of an examining medical expert.

However, in *Haskell* v. *Siegmund*, 28 Ill. App. 2d 1, the court held that statements of witnesses having independent evidentiary value as admissions against interest may be required to be produced upon trial.

While it may be possible to reconcile the holdings of the preceding cases, it would be unrealistic to contend that the interpretations of our Rule 19—5(1) are consistent in philosophy.

Apparently some of the difficulty in the application of the rule stems from language of this court in *Walker* v. *Struthers*, 273 Ill. 387, 395, decided long prior to the passage of the Civil Practice Act. In that case, a will contest, plaintiff's counsel sought to cross-examine defendants' witnesses to determine if they had made any written statements to defendants' counsel. The trial court refused to permit such examination and on appeal plaintiffs claimed error. In affirming, this court stated: "All such statements of witnesses made to counsel in preparation for trial, and all notes and briefs made by the attorneys for the same purpose, are the property of the attorneys themselves, and the court has no power or right to compel their surrender to opposite counsel to aid them in making out their case. The court properly ruled that such drag-net examinations were entirely improper."

Recently, this court had occasion to examine Rule 19—5(1) in *McGill* v. *Illinois Power Co.* 18 Ill.2d 242. The trial court held that the transcript of testimony of witnesses taken pursuant to law in a separate proceeding were exempt from disclosure as documents prepared in preparation for trial, and a "work product" of his attorney. In reversing the trial court we held that it is clear that such depositions are not entitled to exemption under Rule 19—5(1).

In the area of criminal law we have also established the right of a defendant to the production of material documents in the hands of the State. (*People* v. *Wolff,* 19 Ill.2d 318; *People* v. *Moses,* 11 Ill.2d 84.) In addition, we have held that the names of occurrence witnesses known to a party are not exempt from discovery as being either a work product of a lawyer or as memoranda prepared in preparation for trial. *Hruby* v. *Chicago Transit Authority,* 11 Ill.2d 255, *Krupp* v. *Chicago Transit Authority,* 8 Ill.2d 37.

The discovery provisions of the Civil Practice Act and our Supreme Court Rules were enacted to broaden the scope of available discovery to enhance the true function of a trial as a means of ascertaining the' truth, and to provide methods from the prompt and just disposition of litigation. (*People ex rel. Terry* v.· *Fisher,* 12 Ill.2d 231; *Krupp* v. *Chicago Transit Authority,* 8 Ill.2d 37.) Our promulgation of Rule 19—5(1) was not inconsistent with this philosophy, but was an effort to protect litigants from unnecessary harassment, and violations of their well recognized rights. The first and third exemptions stated in the rule merely protect from discovery matters that were privileged from disclosure upon trial at common law. The second exemption, sometimes loosely referred to as the "work product" privilege, was believed necessary to prevent complete invasion of the files of counsel. It is clear that this exemption would protect notes and memoranda prepared by counsel for use in trial. (*Eizerman* v. *Behn,* 9 Ill. App. 2d 263.) As properly understood, however, this rule does not protect material and relevant evidentiary facts from the truth-seeking processes of discovery.

In the case at bar the transcribed statement of one of the defendants, when properly authenticated, would be independently admissible as an admission of a party and might be introduced as a part of plaintiff's case. Truly this transcript was material evidence. We will concede that the ingenuity of counsel may have been responsible for finding

the defendant, obtaining a stenographer, and posing questions, but the material evidentiary matters are the admissions of the defendant, and the mere transcription of these admissions does not bring them within the privilege of Rule 19—5(1). (Cf. *McGill* v. *Illinois Power Co.* 18 Ill.2d 242.) As sympathetic as we are to the desirability of protecting lawyers from unnecessary intrusion upon their privacy in the preparation of a lawsuit, (cf. *Hickman* v. *Taylor*, 329 U.S. 495, 511; 91 L. ed. 451, 462,) this protection cannot extend to the suppression of material evidentiary facts. The transcription of defendant's admissions in the case at bar is as much material evidence as a defective mechanism ön defendant's car. We think it beyond argument that such a defective mechanism, if found by ingenuity of plaintiff's counsel, could not be privileged from discovery. By like token we think the transcription of defendant's admission must be disclosed.

In coming to this conclusion we have not considered the minority of the defendant or the methods used in obtaining the statement. Because of the views we have expressed the judgment of the Appellate Court affirming the judgment of contempt is affirmed.

*Judgment affirmed.*