Clara R. Oberkircher, Plaintiff-Appellee, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellant.

Gen. No. 48,882.

First District, Third Division.

April 17, 1963.

William J. Lynch, William S. Allen, John W. Freels and Paul Denvir, all of Chicago, for appellant.

Owens, Owens & Rinn, of Chicago (Peter Fitzpatrick and Leo K. Wykell, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is from a judgment order entered in the Superior Court of Cook County finding the defendant, the Chicago Transit Authority, guilty of contempt for failing to produce a statement made by Clara L. Oberkircher, the plaintiff, and in the possession of the defendant.

A suit was brought by the plaintiff against the defendant to recover damages allegedly sustained by the plaintiff as a result of personal injuries received while a passenger on defendant's bus and due to alleged negligence in the operation of the bus. The defendant filed an answer. The plaintiff filed a motion on February 28, 1962, moving that the defendant furnish to the plaintiff's attorneys a copy of the statement theretofore taken from the plaintiff by the defendant, and in support of the motion an affidavit of the plaintiff was filed, in which affidavit the plaintiff deposes that the action was brought against the defendant for personal injuries sustained by her on December 21, 1957 while a passenger in a bus owned and operated by the defendant; that action was not commenced until December 17, 1958; that several days subsequent to December 21, 1957 the defendant, through one of its agents, while the plaintiff was not represented by any attorney, obtained a written statement from her "relative to the injuries sustained by her and the manner in which the accident occurred"; that the attorneys for the plaintiff had made a demand upon the defendant to furnish them a copy of the statement, which they have refused to furnish. To this motion the defendant filed an answer which, among other things, set out that there is no showing in the motion or affidavit that "the production of the statement is necessary, competent or admis-

69

sible in the prosecution of the plaintiff's case," and the answer further states that the statement would only become material to the issues and admissible on the part of the defendant if plaintiff's testimony is subject to impeachment. The answer further states that the statement was obtained by the defendant in preparation of its case for trial and is not subject to discovery under Rule 19–5 of the Supreme Court Rules. On March 20, 1962 a judge of the Superior Court entered an order that the defendant furnish a copy of the statement to the plaintiff.

On March 28, 1962 the defendant filed a motion, supported by affidavit, to expunge the order of March 20th on the ground that the defendant did not intend to introduce at the trial the aforesaid statement as an admission against interest. On March 28, 1962 the motion was denied. On April 19, 1962 a petition for a rule to show cause was filed on behalf of the plaintiff. At that time the defendant filed an amended affidavit of its attorney, in which affidavit it is stated "that the defendant will not, during the course of trial, introduce the statement into evidence independently as an admission against interests of the plaintiff." After hearing on the rule to show cause an order was entered in the Superior Court finding the defendant to be in contempt of the court and ordering that it be fined $100. The defendant takes this appeal from all of the aforesaid orders entered in the Superior Court.

■ The dispute between the parties grows out of an interpretation of certain rules of the Supreme Court of Illinois. Rule 19–5(1) (Ill Rev Stats c 110, § 101.19–5(1)), provides as follows:

> "All matters which are privileged against disclosure upon the trial are privileged against disclosure through any discovery procedure. Disclosure of memoranda, reports or documents made by or for a party in preparation for trial or any priv-

70

ileged communications between any party or his agent and the attorney for the party shall not be required through any discovery procedure."

The Supreme Court in the case of Stimpert v. Abdnour, 24 Ill2d 26, 179 NE2d 602, construed that rule. In that case the plaintiff was held in contempt and fined for refusal to comply with an order of the court requiring him to furnish the defendant with a copy of a statement obtained by the plaintiff and his attorney from the minor defendant prior to filing the suit. The facts, as stated in the opinion of the court, are as follows:

> "Plaintiff's intestate, his minor son, lost his life while riding as a guest passenger in a 1953 Ford owned by the defendant Richard Abdnour, Sr. and driven by the minor defendant, Richard Abdnour, Jr. One week after the inquest, where young Abdnour declined to testify on advice of counsel, plaintiff and his attorney went to the high school where the decedent and young Abdnour had been close friends and students together, and took a question and answer statement from young Abdnour in the presence of a court reporter. Abdnour was questioned about the mechanical condition of his car and the recklessness and incompetence of his driving at the time of the accident. It is this statement which the plaintiff refused to produce on the order of the trial court."

Plaintiff declined to produce the document on the grounds that it was exempt from pretrial discovery under Rule 19–5(1) since it was a document prepared by or for a party in preparation for trial, and for the further reason it was the work product of his attorney. The court sets out and discusses Rule 19–5(1). It points out that the first and last of the exemptions contained in the rule are clearly inapplicable, that the

statement of a party to a lawsuit is not privileged, nor is it a confidential communication between a party and his attorney, and therefore the document is only exempt from discovery if it is " 'memoranda, reports or documents made by or for a party in preparation for trial.' " The court then discusses the decisions of the Appellate Court with reference to the problem, and points out that while it might be possible to reconcile those decisions, it would be unrealistic to contend that the interpretations of the rule are consistent in philosophy. The court discusses Walker v. Struthers, 273 Ill 387, 112 NE 961, a case involving a will contest. Plaintiff's counsel sought to cross-examine defendants' witnesses to determine if they had made any written statements to defendants' counsel. In that case the Supreme Court held that all such statements of witnesses made to counsel in preparation for trial are the property of the attorneys and the court has no right to compel their surrender to the opposite counsel to aid them in making out their case. The court points out that the Walker case was decided long prior to the passage of the Civil Practice Act. In the Stimpert opinion the court cites the recent case of McGill v. Illinois Power Co., 18 Ill2d 242, 163 NE2d 454, where the trial court held that the transcript of testimony of a witness taken in a separate proceeding was exempt from disclosure as a document prepared in preparation for trial and the "work product" of his attorney. The Supreme Court reversed the trial court, indicating that such depositions are not entitled to exemption under the rule. The Supreme Court in the Stimpert case further reasons that the discovery provisions of the Civil Practice Act and the Supreme Court Rules were enacted to broaden the scope of available discovery so as to enhance the true functions of a trial as a means of ascertaining the truth, and that the rule is not inconsistent

72

with that philosophy but was an effort to protect litigants from unnecessary harassment and violations of their well recognized rights. The exemption with which the court was concerned in the case before it was the second exemption, sometimes loosely referred to as the "work product" privilege, which was believed necessary to prevent complete invasion of the files of counsel. Properly understood, however, the rule does not protect "material and relevant evidentiary facts from the truth-seeking processes of discovery." The court further points out that in the case before it the statement of one of the defendants would be independently admissible as an admission of the party and might be introduced as a part of plaintiff's case. The court further holds that even though they are sympathetic to the desirability of protecting the lawyers from unnecessary intrusion on their privacy in the preparation of a lawsuit, that protection cannot extend to the suppression of material facts, and the court affirmed the judgment of the Appellate Court affirming the judgment of contempt.

In the instant case the defendant argues that the decision of the Supreme Court has worked a radical change in the rights of litigants, which theory was not in the contemplation of the Joint Committee on Illinois Civil Procedure, and the defendant quotes from an article in 1959 U Ill LF 786, 805–810, and from an article by Albert E. Jenner, Jr. in 44 Ill BJ 406 (January, 1956), in which article he cites with approval Hayes v. Chicago Transit Authority, 340 Ill App 375, 92 NE2d 174, and points out that the Joint Committee "deliberately refrained from incorporating in Rule 19–5 the federal practice stated by the United States Supreme Court in Hickman v. Taylor, 329 US 495, 67 S Ct 385, 91 L Ed 451, under which an attorney's work product is subject to discovery 'where the production of those facts is essential to one's case.' "

■ The defendant then attempts to distinguish the factual situation in the case before us from the facts in the Stimpert case, and relies on the fact that the defendant stipulated that the statement would not be introduced as evidence of an admission. The difficulty with that contention is that where a statement of a party litigant is offered to impeach his testimony on the stand its probative value is twofold. It throws doubt and raises a question for the jury to decide as to whether or not he was testifying truthfully in the trial. It also is in the nature of affirmative testimony for the party so offering it. 4 Wigmore on Evidence, § 1048 (3rd ed). In 61 Harv L Rev 1447, in a comment on a case, the statement is made: "Unlike a prior contradictory statement of a nonparty witness, usable only for impeachment, an admission of a party when offered against him is substantive evidence of the matter admitted. 4 Wigmore, Evidence, § 1048 (3rd ed 1940); Morgan, Admissions as an Exception to the Hearsay Rule, 30 Yale LJ 355, (1921)." See also McCormick on Evidence, sec 239.

In Olson v. Hodges, 19 NW2d 676, 684 (Iowa), a statement of the plaintiff was introduced by the defendant. The statement contradicted the evidence of the plaintiff in the trial. The court instructed the jury that such statement could be considered only as bearing upon the credibility of the plaintiff as a witness and not as providing any substantive fact. The instruction was excepted to, and the court said:

"The instruction unduly and improperly limited the consideration of the statement by the jury. It was proper for the jury to consider it not only in its bearing upon plaintiff's credibility as a witness, because inconsistent with his testimony, but since it was a deliberate statement over his own signature, it was admissible not merely as discrediting the testimony of plaintiff, if the statement was be-

74

lieved by the jury, but as substantive evidence against him, and as bearing upon the worthiness of his whole claim. . . . [Cases cited.] The plaintiff was not only a witness but a party-opponent of appellant, and even though he had not taken the stand as a witness, the statement was admissible against him and his case, as based upon his pleadings and the testimony relied upon him, as a discrediting inconsistency on his part. 2 Wigmore on Evidence, 2d Ed, sections 1048, 1053. The giving of the instruction was reversible error."

In 31 CJS Evidence, sec 273, it is stated:

"Admissions are ordinarily admissible as original or substantive evidence of the truth of the statements made . . . . Of course, where the party who has made the admissions testifies, and the admissions are contradictory to or inconsistent with his testimony, the admissions are competent for the purpose of discrediting and impeaching him, although they should not be limited to the purpose of discrediting."

In Gougher v. Hansler, 388 Pa 160, 130 A2d 150, the court held that in the case of a party a prior statement made by him inconsistent with his testimony at trial, "while it too has the effect of impeaching his credibility, is also admissible as an admission against interest and, as such, constitutes substantive proof of the truth of the matter therein contained." Standing uncontroverted such admissions, when clear and unequivocal, may properly be used to support a finding of fact. Also see In re Ehlke's Will, 246 Wis 654, 18 NW2d 490; Wells v. Burton Lines, 228 NC 422, 45 SE2d 569; Link v. Eastern Aircraft, Linden Division, Etc., 136 NJL 540, 57 A2d 8.

There is no question that the rule is that where a statement made by a party contradicts his testimony

as a witness in the trial it may be used not only for the purpose of impeachment but as evidence against him. We have been able to find no cases in Illinois covering this particular point. However, we cannot give too much weight to the statement of the defendant that it would not "introduce the statement into evidence *independently* as an admission against interests of the plaintiff." (Italics ours.) This statement must be construed in the light of the general rule of law which we have previously discussed. Without knowledge of the contents of the document it remains a potential threat to the plaintiff in the trial of her case. In Hickman v. Taylor, supra, the court said:

> "Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his client. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways— aptly though roughly termed by the Circuit Court of Appeals in this case as the 'work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put

76

down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. . . . The effect on the legal profession would be demoralized. And the interests of the clients and the cause of justice would be poorly served."

The extent to which the Supreme Court in the Stimpert case has modified the rule laid down in the Hickman case may be debatable. Further decisions upon this highly controversial question can set out definitely how far an attorney can go in requiring the opposing counsel to produce materials which he has prepared in preparation for trial. The case before us falls squarely within the decision in the Stimpert case.

The judgment order of the Superior Court of Cook County is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.