**David G. Day, a Minor, Who Sues by His Father and Next Friend Alfred Day, et al., Plaintiffs-Appellees, v. Illinois Power Company, a Corporation, Defendant-Appellant, and East St. Louis & Interurban Water Company, a Corporation, Defendant-Appellee.**

Gen. No. 64–F–28.

Fifth District.

June 10, 1964.

Johnson, Ducey and Feder, of Belleville (Cornelius T. Ducey, of counsel), for appellant.

Wagner, Conner, Ferguson, Bertrand and Baker, of Belleville (Ray Freeark, Jr., of counsel), for defendant-appellee. C. E. Heiligenstein, and Robert Cummings, both of Belleville, for plaintiffs-appellees.

WRIGHT, JUSTICE.

This is an appeal from an order of the Circuit Court of St. Clair County, Illinois, holding the defendant, Illinois Power Company, a Corporation, in contempt of court and assessing a fine of $500 for failure to produce for inspection certain records pursuant to an order to produce.

The facts giving rise to the contempt order are as follows: On the 27th day of January, 1963, a gas main or pipe belonging to the defendant, Illinois Power

Company and located on Freeburg Avenue in the City of Belleville, Illinois, ruptured causing an explosion in the home of the plaintiffs located at 814 Charles Street in Belleville. After the explosion, employees of the Illinois Power Company excavated at the site of the ruptured gas pipe. These employees examined, inspected and repaired the pipe and photographs were made thereof. The employees of the Illinois Power Company made written reports of the extent of the damage and the nature of the repairs directly to Cornelius T. Ducey, Attorney at Law. The explosion resulted in injuries to the plaintiffs who filed this case against both the Illinois Power Company and the East St. Louis & Interurban Water Company.

The defendant, East St. Louis & Interurban Water Company filed a motion to produce for inspection and copying any report or reports, picture or pictures made by the agents, servants or employees of the Illinois Power Company, a Corporation, relative to a ruptured gas main on Freeburg Avenue in the City of Belleville. It was stated in the motion that this information discovered by the agents, servants and employees at the ruptured site was known only to them and that it was material and pertinent to the issues of the pending suit and, therefore, subject to discovery.

An affidavit in opposition to the above motion was made and filed by Cornelius T. Ducey stating that the law firm of which he is a partner is on a monthly retainer basis with the Illinois Power Company and that he handles its personal injury cases. The affidavit stated that any report or reports made by agents, servants and employees of the Illinois Power Company relative to a rupture in a gas main on Freeburg Avenue in the City of Belleville on or about the 27th day of January, 1963, were made under the direction and supervision of the affiant and all reports with regard to same and investigation of said claim were

made to the affiant as attorney for said defendant and that the same are privileged as part of the work product between attorney and client and are not subject to discovery.

It is further alleged, in the affidavit that on January 28, 1963, the day following the accident, the Illinois Power Company was informed that the plaintiffs were represented by an attorney; that all subsequent investigation of the occurrence was conducted under the direction and supervision of Cornelius T. Ducey, Attorney for the Illinois Power Company. The reports of the investigation were made by the agents, servants and employees of Illinois Power Company directly to said attorney.

This case involves an interpretation of Illinois Supreme Court Rule 19-5, which provides the following:

> "(1) Matters Privileged against Discovery. All matters which are privileged against disclosure upon the trial are privileged against disclosure through any discovery procedure. Disclosure of memoranda, reports or documents made by or for a party in preparation for trial or any privileged communications between any party or his agent and the attorney for the party shall not be required through any discovery procedure."

We shall first consider whether or not the reports of the employees or agents of the Illinois Power Company to its attorney are "privileged communications between it and its attorney, Cornelius T. Ducey." The fact that the Illinois Power Company is a corporation is immaterial for it is entitled to the same treatment under the law as any other "client"—no more and no less. If it seeks legal advice from an attorney, and in that relationship confidentially communicates information relating to the advice sought it may protect itself from disclosure.

55

A recent case containing a historical and scholarly discussion of the attorney-client privilege merits our detailed consideration. In Radiant Burners v. American Gas Ass'n, 320 F2d 314 (U. S. Court of Appeals, Seventh Circuit, June 1963) the question presented was whether or not a corporation may claim the attorney-client privilege to bar discovery of documents. The Circuit Court of Appeals permitting filing of briefs as amici curiae by the American Bar Association, Illinois State Bar Association, and American Patent Law Association in support of the contention that the attorney-client privilege applied to corporations as well as to individuals.

The court pointed out that there was a long line of American and English cases in which the attorney-client privilege had been recognized as applied to corporations and cited as authority therefor, United States v. Louisville & Nashville Ry., 236 US 318, 35 S Ct 363. The court observed that law review writers, like the courts, have recognized the availability of the privilege to corporations. They have assumed that the privilege exists in favor of corporations, however, their concern has focused on the scope of the privilege and the problem inherent in its application to corporations.

In the Radiant Burners case, supra, the court stated: "There has been general agreement that the purpose of the privilege is to facilitate the administration of justice by encouraging full disclosure by the client to its attorney. Since the privilege encourages disclosure, rather than destroy the privilege they would have the courts examine each document to determine the applicability of the privilege in light of its underlying rationale . . . . It is our considered judgment that based on history, principle, precedent and public policy the attorney-client privilege in its broad sense is available to corporations, and we so hold."

The interesting thing about the Radiant Burners case is that the District Court had asked the Circuit Court of Appeals to spell out the answer to questions relating to confidentiality in the corporate chain of command and further, the limitations and extent of the privilege. The Circuit Court of Appeals stated that with due respect, they would decline the invitation to decide, in a vacuum, the limitations to be imposed in the application of the privilege by a corporation and that such matters would have to be resolved on a case-by-case basis. It observed that no one is wise enough to decide them in advance. The court in recognizing that there are certain limitations to the privilege or that there could be abuses thereof, stated at page 324 of 320 F2d: "Certainly, the privilege would never be available to allow a corporation to funnel its papers and documents into the hands of its lawyers for custodial purposes and thereby avoid disclosure . . . . In balancing the competing goals of the free and unobstructed search for the truth with the right and absolute necessity for confidential disclosure of information by the client to its attorney to gain the legal advice sought thereby, the courts will realize that they are not dealing with a blanket privilege. The limitation surrounding any information sought must be determined for each document separately considered on a case-by-case basis."

The affidavit of Cornelius T. Ducey made in opposition to the motion to produce stated that he was a partner of the law firm of Johnson & Ducey and that the firm was on a monthly retainer basis for the Illinois Power Company and that the reports made by the agents and employees of the Illinois Power Company relative to the rupture of the gas main were made under his direction and supervision and to him directly. Mr. Ducey affirmed that the investigation was conducted by him and reports made to him per-

57

sonally as attorney for defendant, Illinois Power Company. There were no counteraffidavits filed and, therefore, the affidavit of Mr. Ducey must be and is accepted as true. What constitutes a "privileged communication between any party or his agent and the attorney for the party" often presents very close questions of fact and law and must necessarily many times be decided and considered on a case-by-case basis.

 The type of corporation employee transmitting information to the attorney for the corporation must be considered in determining whether such information is privileged. If an employee or investigator making reports to an attorney for the corporation is in a position to control or take a part in a decision about any action the corporation might take upon the advice of its attorney, he personifies the corporation and when he makes reports or gives information to the attorney, the attorney-client privilege applies. Such employee must have actual authority, not apparent authority, to participate in a contemplated decision. City of Philadelphia v. Westinghouse Elec. Corp., et al., 210 F Supp 483.

This rule is well stated in Garrison v. General Motors, 213 F Supp 515, where the court in its opinion on page 518 quoted with approval from City of Philadelphia v. Westinghouse Elec. Corp., et al., supra, and stated:

> " 'Keeping in mind that the question is, Is it the corporation which is seeking the lawyer's advice when the asserted privilege communication is made?, the most satisfactory solution, I think, is that if the employee making the communication, of whatever rank he may be, is in a position to control or even to take a substantial part in a decision about any action which the corporation may take upon the advice of the attorney, or if he is an authorized member of a body or group

58

which has that authority, then, in effect, he is (or personifies) the corporation when he makes his disclosure to the lawyer and the privilege would apply. In all other cases the employee would be merely giving information to the lawyer to enable the latter to advise those in the corporation having the authority to act or refrain from acting on the advice.' "

The court, in its opinion, further stated:

"With regard to issue No. 3, supra, the court holds, for reasons outlined above, that insofar as concerns the instant case, a relevant communication otherwise entitled to the attorney client privilege, is not so privileged when the said communication with the attorney is from or to a corporation employee *not* in a position of control, or, as referred to above, as being in the 'control group.' "

There is nothing in the record before us to indicate that the employees and agents of the defendant power company, who investigated the explosion, repaired or replaced the ruptured gas line here involved and transmitted reports to M. Ducey, Attorney for the power company, had any authority whatsoever, either actual or apparent, to make any judgment or decision as to any action to be taken by the corporation on the advice of its attorney.

We, therefore, conclude that the reports here in question were not privileged communications between attorney and client.

Defendant, Illinois Power Company, further contends that any reports and documents transmitted to its attorney, Cornelius Ducey, by agents and employees of the power company relative to the ruptured gas main are not available on pretrial discovery for the reason that such reports and documents were obtained by Mr. Ducey from the employees and agents

59

of the power company to be used in preparation for trial should there be a trial and are the work product of the attorney.

The theory of privilege for a lawyer's work product in preparation for trial stems from the case of Hickman v. Taylor, 329 US 495, 67 S Ct 385. In that case, suit was brought by an administrator for the death of a seaman drowned when a tug capsized. The plaintiff desired statements which the defendant's attorney had taken from members of the crew. The trial court ordered the attorney to turn the statements over and on his refusal held him in contempt. The Supreme Court in its opinion adopted the phrase "work product" and held that the statements taken by the defendant's attorney were not available on discovery, but did so with a qualifying statement as follows:

> "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty."

It is undisputed in the instant case that the reports made by the employees, agents and servants of the Illinois Power Company to its attorney, Mr. Ducey, as to what, if anything, was discovered by them after the explosion and rupture of the gas main on January 27, 1963, and before any repairs were made to the gas main was only known by such agents, servants and employees making the reports. The agents,

60

servants and employees for the power company were the only parties to see the ruptured gas main before it was repaired or replaced, and the reports made by such agents, servants and employees contain the only available information as to the condition of the gas main prior to its repair or replacement.

The plaintiffs and defendant, East St. Louis Interurban Water Company, in the instant case have no knowledge of what caused the explosion. So far as such knowledge is obtainable, the defendant, Illinois Power Company, has it. The statements made by the employees of the power company to its attorney undoubtedy contained facts, information or clues which the plaintiffs do not know and have no way of gaining such information since the ruptured gas line has been repaired or replaced. Where it appears as here that one party has exclusive control over the circumstances surrounding an event and has exclusive and superior opportunity to know or ascertain the facts, we believe that good cause exists to require that party to disclose such portions of any report that might contain the statements of potential witnesses or facts personally observed by them. The United Air Lines v. United States of America, 186 F Supp 828; People of the State of California v. United States of America, 27 FRD 261.

Recently, the Supreme Court of this state had occasion to examine and construe Rule 19–5(1) in Stimpert v. Abdnour, 24 Ill2d 26, 179 NE2d 602. In that case, the court stated:

"The discovery provisions of the Civil Practice Act and our Supreme Court Rules were enacted to broaden the scope of available discovery to enhance the true function of a trial as a means of ascertaining the truth, and to provide methods for the prompt and just disposition of litigation. (People ex rel. Terry v. Fisher, 12 Ill2d 231; Krupp

61

v. Chicago Transit Authority, 8 Ill2d 37.) Our promulgation of Rule 19–5(1) was not inconsistent with this philosophy, but was an effort to protect litigants from unnecessary harassment, and violations of their well recognized rights. The first and third exemptions stated in the rule merely protect from discovery matters that were privileged from disclosure upon trial at common law. The second exemption, sometimes loosely referred to as the 'work product' privilege, was believed necessary to prevent complete invasion of the files of counsel. It is clear that this exemption would protect notes and memoranda prepared by counsel for use in trial. (Eizerman v. Behn, 9 Ill App2d 263.) As properly understood, however, this rule does not protect material and relevant evidentiary facts from the truth-seeking processes of discovery."

In McGill v. Illinois Power Co., 18 Ill2d 242, 163 NE2d 454, the Supreme Court held that the transcript of testimony of witnesses taken pursuant to law in a separate proceeding were not exempt from disclosure as documents prepared in preparation for trial and a "work product" of the attorney under Rule 19–5(1).

Unquestionably, the defendant power company had exclusive control over the circumstances surrounding the investigation and repair or replacement of the ruptured gas line here in question and had the exclusive opportunity to know or ascertain the facts connected with the rupture which resulted in the instant case. Although we are in sympathy with the right of a lawyer to have his file protected from unnecessary invasion, we are compelled under the circumstances and facts in this case to hold that the statements transmitted to Mr. Ducey, the attorney for the power company, by the agents, servants and employees of said power company in connection with the ruptured

gas main are not exempt from discovery under Rule 19–5(1).

The order of the trial court holding the defendant, Illinois Power Company, a corporation, in contempt is affirmed.

Affirmed.

DOVE, P. J. and REYNOLDS, J., concur.