(No. 87-CC-0041—

FEDERATED INSURANCE COMPANY, as Subrogee to the Interests of Fanning Oil Company, Inc., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motions for discovery and production filed March 31, 1987.*

*Order on motion to dismiss filed January 17, 1989.*

HINSHAW, CULBERTSON, MOELMANN, HOBAN & FULLER, for Claimant.

NEIL F. HARTIGAN, Attorney General (GREGORY CONDON, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTIONS
## FOR DISCOVERY AND PRODUCTION

HILLEBRAND, Commissioner

This matter comes before the Commissioner on the

various motions and responses filed relating to discovery and production. The issue involves production of statements of employees of the State of Illinois during the investigation by the departmental agency of the incident involved in this claim. Claimant has requested production of the statements, and Respondent has objected on the grounds that the statements are privileged. Respondent's claim of privilege is based upon the self-insurance provisions for the State of Illinois for property and casualty insurance exposures pursuant to the provisions of Ill. Rev. Stat., ch. 127, par. 63b4.

The general rule, whether made within a corporation or to an insurance carrier, regardless of whether there is separate insurance or self-insurance, is that certain statements made by an employee of a corporation will in fact be privileged. The test to determine privilege when statements are made by an employee relative to pending or potential litigation is whether the employee falls within the "control group." (*Day v. Illinois Power Co.*, 50 Ill. App. 2d 52.) The "control group" test requires that, for the privilege to apply, the employee making the communication must be in a position to control or even to take a substantial part in a decision about the claim which the corporation may take upon the advice of counsel for the corporation or that the employee be an authorized member of a group which contains that authority so that in effect the employee personifies the corporation when the employee makes his disclosure or statement regarding the facts involving the claim. Otherwise, the privilege does not apply. (*Gulminas v. Fred Teitelbaum Construction Co.*, 112 Ill. App. 2d 445.) The burden is upon the person claiming the privilege to prove that the privilege applies to the statement's request.

It is therefore ordered:

A. The motion to strike the Respondent's pleading is denied.

B. The objection of the Respondent contained in paragraph 1 of the Respondent's answers for production is overruled.

C. The Respondent shall produce a statement of all employees of the Respondent unless Respondent believes said employees fall within the "control group" test. In the event Respondent believes any statements were made by an employee within the "control group," Respondent shall submit an affidavit as to each such employee, which affidavit shall contain facts to support the position of Respondent. Thereafter, if necessary, the Commissioner will hold a pretrial hearing on discovery.

## ORDER ON MOTION TO DISMISS

MONTANA, C.J.

This cause coming on to be heard on the request of Claimant to dismiss the above captioned matter and the Court being fully advised in the premises;

It is hereby ordered that the request of Claimant be, and is hereby granted, and the case is accordingly dismissed.