George **RODRIGUES**
v.
**John G. HRINDA and Charles R. Leone.**
**Civ. A. No. 14-72 Erie.**

United States District Court,
W. D. Pennsylvania.
Aug. 24, 1972.

**12**

John M. Wolford, Erie, Pa., Jack L. Banycky, Pontiac, Mich., for plaintiff.

John E. Britton, Erie, Pa., for defendants.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

KNOX, District Judge.

This is a medical mal-practice action in which the defendants are the doctors who operated on plaintiff for a tonsillectomy on February 18, 1970. Plaintiff claims that as a result of the operation he was left with left-sided paralysis which would appear to be the result of a stroke of some sort, that the condition did not exist before the operation and it was observed when he regained consciousness the next morning. Plaintiff seeks to ask the defendants in discovery depositions as to why this happened. Defendants' counsel objected to the questions on the grounds that they call for opinions and directed the defendants not to answer. Plaintiff thereupon filed this motion to compel answers pursuant to the provisions of Rule 37. Defendants' counsel claims that the defendants are experts whose opinions are not discoverable except in accordance with the provisions of Rule 26(b)(4) as amended, effective July 1, 1970.[1]

■ It is the opinion of the court that Rule 26(b)(4) has no application to this case and that by its very terms it only applies to experts engaged in anticipation of litigation or for trial. Obviously the defendants themselves, parties to this litigation, while they may be experts in their profession, do not fall in this category.

The question before us rather is whether these questions are properly asked and whether these are proper questions for discovery under the provisions of Rule 26(b)(1). Plaintiff under this rule is entitled to obtain discovery regarding any matter not privileged which is relevant to the action and the fact that the information may be inadmissible at trial is no bar to the inquiry if it appears to be reasonably calculated to lead to the discovery of admissible evidence. There is no privilege such as attorney and client, work product or physician patient privilege which is operating here. In the early days of the discovery rules, it appears that certain courts engrafted an exception onto the rules which was not there and forbade inquiry into a witness' opinions or conclusions or contentions. See Moore's Federal Practice, Vol. 4, § 26.56[3].

---

1. "Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b) (1) of this rule *and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:*" (Emphasis added.)

We believe that the better reasoning is that where the witness is an individual party or the officer of a corporation in charge of the operation or transaction which plaintiff claims injured him, discovery may be sought as to the witness' knowledge as to why things happened. The original case was Moran v. Pittsburgh-Des Moines Steel Co., 6 F.R.D. 594 (W.D.Pa.1947) in which Judge Gourley of this court held that where the witness was chief engineer for the defendant and had charge of the preparation of specifications for the tank which exploded, he could be asked questions about these matters. The court said:

> "Although the answer to these questions will carry the opinion of the witness, it will amount to a statement of facts as to why certain things were done, or not done, by the defendants. Unless this information is made available, and this is the one person who knows, a full and complete picture will not be presented when consideration is given as to whether negligence or lack of care existed in the construction of said tank.

> "Where an individual is an expert in a given field, and, therefore, qualified to submit an opinion, this will not deprive a party litigant from questioning said person, either by way of deposition or during trial, and asking why certain things were done or not done by the witness where said person is—

> (a) Employed regularly by the adverse party, and

> (b) Is the managing agent of a department, and

> (c) The person who decided all matters for the adverse party in the creation of the object from which the cause of action arises."

To the same effect is Connecticut Mutual Life Ins. Co. v. Shields, 17 F.R.D. 277 (S.D.N.Y.1955) where it was held that a traffic engineer who made a traffic count for construction of a bridge could be directed to answer questions as to his calculations. The court said:

> "But Waterbury cannot immunize himself with this rule by arguing that he is an expert in the field in which he is being examined, when the pre-litigation calculations made by him form an essential part of plaintiffs' case against the defendants. In short, while Waterbury's answers might include the expert opinion of a witness, in the context of this case it will amount to no more than a statement of facts by him".

Again, in Broadway and Ninety-Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347 (S.D.N.Y.1958), the court held that a witness who was president of the principal corporate plaintiff, one of its major stockholders and one of the dominant figures in the operation could be asked such questions. The court referred to the "enlightened view" with respect to these matters and held that questions calling for expert opinion concerning the subject matter of the litigation are proper when asked of an officer or employee of a defendant who is himself an expert in the field. The court said:

> "Questions asked of this witness as to his opinion or judgment on reasonableness of clearances, existence of substantial competition between theatres, factors in determining substantial competition and similar matters, may well serve a useful function in narrowing the issues, limiting the subjects of controversy and avoiding unnecessary testimony at the trial. Such questions will be allowed where they deal with relevant subject matter."

Finally, in Wilmington Country Club v. Horwath and Horwath, 46 F.R.D. 65 (E.D.Pa.1969), Judge Joseph S. Lord, III, cited Judge Gourley's language from Moran, supra, and reiterated that such questions were proper but held that if defendant has formed no definite opin-

ion about the matter and cannot form such an opinion except for unwarranted speculation he may state this and not be required to answer.

We also note Rule 33 which says:

"An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory *involves an opinion or contention that relates to fact or the application of law to fact*, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." (Emphasis added.)

Rule 33 does not state that such information can be obtained only by written interrogatories.

For the above reasons, we hold that the defendant doctors may be asked as to why certain things happened, why certain things were done or not done but they cannot be required to engage in conjecture or speculation if they have not and cannot come to any conclusion as to the matters in issue.

We will, therefore, enter an appropriate order requiring discovery.