Robert SEIFFER et al., Plaintiffs,

v.

TOPSY'S INTERNATIONAL, INC.,
et al., Defendants.

BEAR, STEARNS & CO. et al., De-
fendants and Third-Party
Plaintiffs,

v.

TOUCHE, ROSS & CO. et al., Third-
Party Defendants.

G. WALKER & COMPANY, Defendant
and Third-Party Plaintiff,

v.

G. Kenneth BAUM et al., Third-
Party Defendants.

BEAR, STEARNS & CO. et al., De-
fendants and Third-Party
Plaintiffs,

v.

Jerome F. TEGELER et al., Third-
Party Defendants.

BEAR, STEARNS & CO. et al., De-
fendants and Third-Party
Plaintiffs,

v.

BRYAN, CAVE, McPHEETERS & Mc-
ROBERTS, et al., Third-Party
Defendants.

TOPSY'S INTERNATIONAL, INC., et al.,
Defendants and Third-Party
Plaintiffs,

v.

BRYAN, CAVE, McPHEETERS & Mc-
ROBERTS, et al., Third-Party
Defendants.

Civ. A. No. KC–3435.

United States District Court,
D. Kansas.

Nov. 6, 1975.

Barton P. Cohen, Cohen & Cohen, Overland Park, Kan., Robert C. Gordon, Rich, Granoff & Gordon, Thomas W. Van Dyke, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Sheridan Morgan, Donald H. Loudon, Kansas City, Mo., for all plaintiffs.

Charles S. Schnider, Schnider, Shamberg & May, Mission, Kan., Harry P. Thomson, Jr., William B. Prugh, Dennis Palmer, and Robert R. Raymond, Shughart, Thomson & Kilroy, Kansas City, Mo., for defendants Topsy's International, Inc., Jerry D. Berger, James T. House and Harry Nuell.

Martin J. Purcell, John R. Gibson and John R. Bancroft, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, Mo., Willard L. Phillips and John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendants Bear, Stearns & Co.; William Blair & Co.; H. O. Peet & Co., Inc.; First of Michigan Corp., Johnson, Lane, Space, Smith & Co., Inc.; Stephens, Inc.; Stifel Nicolaus & Co., Inc.; B. C. Christopher & Co.; Piper, Jaffray & Hopwood, Inc. (successor to Ebin, Robertson & Co., Inc.); Hallowell, Sulzberger, Jenks & Co.; J. N. Russell, Inc.; Hugh Johnson & Co., Inc.; Mark Henry & Co.; Zuckerman, Smith & Co.; Kohlmeyer & Co.; Scherck, Stein & Franc, Inc. and Norris & Hirshberg, Inc.

Martin M. Green, Anderson, Green, Fortus & Lander, Clayton, Mo., for defendant I. M. Simon & Co.

Elsie K. DeVan, Corporate Secretary, for defendant Disbro & Co.

William H. Sanders and Edward Matheny, Jr., Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., Leonard O. Thomas, Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., for defendant G. H. Walker & Co.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., N. Jack Brown, Boddington, Brown & Unverferth, Kansas City, Kan., for defendant Marvin L. Tucker, Adm. of the Estate of N. J. Sharlip, deceased; Ralph J. Tucker, George H. Charno, Jr., Sidney L. Willens, James P. Jouras and Marvin L. Tucker, d/b/a Tucker, Charno, Willens, Jouras & Tucker, Kansas City, Mo., a professional corporation.

William G. Levi and George M. Winger, Smith, Schwegler, Swartzman & Winger, Kansas City, Mo., Robert P. Anderson and Keith Martin, Payne & Jones, Olathe, Kan., Francis J. Higgins, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for defendant John D. Crouch, Thomas H. Devine, Jerry B. Jackson, Loren G. Hoffman, Carl Lipoff, Mary J. McCann, Rodney T. Minkin, Robert J. Petsche, Ben Ruben, and others, d/b/a Touche, Ross & Co.

Frank Cicero, Jr. and Tefft W. Smith, Kirkland & Ellis, Chicago, Ill., Blake A. Williamson and Donald A. Hardy, Williamson, Cubbison & Hardy, Kansas City, Kan., for third party defendant G. Kenneth Baum.

David R. Hardy, Gene E. Voigts, and Leo P. Dreyer, Shook, Hardy & Bacon, Kansas City, Mo., George A. Lowe, Olathe, Kan., for third party defendants Robert H. McRoberts, Thomas S. McPheeters, Jr., William H. Charles, Arthur B. Shepley, Jr., Marion S. Francis, William C. Connett, IV, Thomas V. Connelly, Veryl L. Riddle, Robert G. Brady, George S. Hecker, Robert H. McRoberts, Jr., William D. Crampton, Robert L. Sweney, John J. Goebel, William M. Van Cleve, Edwin S. Taylor, Jerome M. Rubenstein, Joseph F. Mueller, George V. Meisel, I. Jack Lerner, Harold G. Blatt, C. Perry Bascom, Paul P. Weil, Thomas C. Walsh, and Frederick W. Scherrer, d/b/a Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

The various motions now before this court have been filed by defendant Touche, Ross & Company and by the defendant underwriters. The plaintiffs allege that these defendants and others violated § 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], § 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] Rule 10b–5 promulgated thereunder [17 C.F.R. § 240.10b–5], and the Kansas Blue Sky law, K.S.A. § 17–1268. In addition, Touche, Ross & Company (Touche), as well as the underwriters, are third-party defendants in various third-party actions which have been filed in this complex litigation. The underwriters have asserted third-party claims against defendant Touche and by their present motion, they seek to depose one of Touche's partners. This brief resume of the litigation places the motions discussed hereinafter in their procedural context.

Touche has filed a motion for a protective order with respect to the requested November 17, 1975 deposition of Mr. John Van Camp (Van Camp). Touche asks that the deposition not be taken for the reason that Van Camp is an expert who has been retained or specially employed in anticipation of litigation under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure, and that he is not expected to be called as a witness at trial. The underwriters have filed suggestions opposing Touche's request to halt the deposition, and in addition, have filed a motion and suggestions for reconsideration of our prior order of July 18, 1975, which upheld a similar request by Touche with respect to one of its partners—Herbert Brewer.[1] The underwriters, through counsel, have requested oral argument on their motion for reconsideration. We have studied the motions and their supporting suggestions and have reexamined our July 18 Memorandum and Order. For the reasons which follow, we conclude that: (1) Touche's request for a protective order concerning the deposition of Van Camp must be granted; and (2) the underwriters' motion for reconsidera-

---

1. Touche has filed reply suggestions in opposition to those filed by the underwriters, and has additionally filed suggestions opposing the underwriters' motion for reconsideration of the July 18 Memorandum and Order. We have studied these suggestions, as well as those enumerated above.

tion of our July 18 order and their request for oral argument should be denied.

The underwriters argue that Van Camp is clearly deposable since he is a party to this action, and is therefore subject to deposition under Rule 30(a) of the Federal Rules of Civil Procedure. The conceptual underpinning for this contention is that since Van Camp is a partner in Touche, he must also be a party because his accounting firm is a party. Even if we assume the validity of this argument, it does not automatically follow that Van Camp may therefore be deposed as the underwriters argue.

■■ The overall design of the discovery rules must be kept clearly in focus in evaluating the merits of the present dispute. The crucial point is that Rule 26 of the Federal Rules of Civil Procedure overrides and limits the more general provisions of the remaining discovery machinery described in Rules 27 through 37. The particular limitation involved here is Rule 26(b)(4) (B). Thus rule unequivocally grants discovery immunity to facts known or opinions held by an expert who has been retained or *specially employed* by another party in anticipation of litigation. It is equally clear that the rule creates no impenetrable fortress against discovery. If the party seeking discovery can make a showing of *exceptional* circumstances under which it is impracticable to obtain facts or opinions on the same subject by other means, then the barrier raised by the rule is overcome and the matters sought may be discovered. The policy behind the rule reflects the considered judgment that an expert specially employed by a party in anticipation of litigation may not be examined as freely as

a person not occupying that special category. While facts are not to be hidden, nor necessary discovery improperly obstructed, neither is a party allowed to delve at will into an expert mind solely to sustain its own burden of preparing for litigation.

■■ We turn to the facts which we believe compel the conclusion that Van Camp is a Rule 26(b)(4)(B) expert. First, Van Camp is not, as the underwriters assert, simply a general employee of Touche; the uncontroverted affidavit filed by Van Camp on March 21, 1975 reveals that he was requested by a member of the law firm representing Touche to assist in any possible litigation arising out of Touche's audits of the Topsy's engagements. Second, and also of importance, is the fact that Van Camp had no involvement in these audits, the correctness and thoroughness of which are directly implicated in the claims filed against Touche in this litigation. Third, pursuant to request of counsel for Touche, Van Camp reviewed the working papers and audit reports prepared in connection with the 1966, 1967, 1968 and 1969 audits of Topsy's. The results of these activities were embodied in writing, and transmitted by Van Camp to Touche's counsel. [We previously held this "protective review letter" undiscoverable on the ground that it was trial preparation material under Rule 26(b)(3)].[2] In addition, Van Camp will not be called as a witness at trial.

Under these facts and circumstances, we are constrained to hold, as we previously held with respect to Brewer, that Van Camp is an expert who was "specially employed" by Touche in anticipation of litigation and thus he falls within the express terms of Rule 26(b)(4)(B).[3]

---

2. Touche's contention in the last paragraph on page two of its suggestions for a protective order that our "May 21, 1975" (order) "upheld the *attorney-client privilege* with respect to Mr. Van Camp's report of December 21, 1971" is thus clearly in error.

3. Although the underwriters contend that Van Camp was not a person retained or specially employed by Touche because he was merely a general employee and a general partner, we believe the above facts indicate otherwise. Moreover, the argument raised by the under-

The remaining question is whether the underwriters have made a showing of exceptional circumstances under which it is impracticable for them to obtain facts or opinions cn the same subject by other means.

█ We note at the outset that the underwriters' suggestions are devoid of any discussion of exceptional circumstances. The discussion therein is devoted to why Van Camp should be deposed and fails to point to any facts indicating that the underwriters are stonewalled in their attempts to get at the facts they seek. Second, no information appears by affidavit or otherwise whether the discovery sought to be elicited from Van Camp is not equally available from other deponents of Touche, especially those who actually worked on the auditing engagements for Topsy's during the time frame preceding the filing of the registration statement and prospectus by which the stock and debentures involved in this litigation were sold. Nor is there any showing that previously deposed Touche personnel did not provide sufficient data concerning Touche's involvement in the auditing work performed on behalf of Topsy's. The court notes, for example, that the deposition of Eppenauer, who worked on the Topsy's auditing engagements, comprises eight volumes of transcribed material. Finally, there is no indication that the material previously ordered produced by Touche in our order of May 21, 1975 failed to apprise the movants of information on the same subject now sought from Van Camp.

Under the circumstances, we hold that the burden of showing exceptional circumstances sufficient to overcome the discovery immunity granted by Rule 26(b)(4)(B) has not been met on the present showing. We further do not believe oral argument would add clarity to the instant dispute since we have painstakingly analyzed the legal point raised and consider our prior ruling to be correct, and equally applicable to Touche's motion filed with respect to Van Camp.

In so ruling, we emphasize what we have reiterated time and again: in a case such as this, which is exceedingly complex in terms of both parties and issues, the cooperation of all counsel with respect to discovery matters is absolutely necessary. Obstruction, dilatory tactics, and frivolous objections will not be tolerated. Our rulings herein are therefore not to be read as countenancing such tactics; instead, they are to be studied for what they are—narrow rulings on specific questions of law within circumscribed facts. Accordingly,

It is ordered that the motion filed by Touche, Ross & Company for a protective order halting the deposition of John Van Camp be granted, and that said depo-

---

writers seems to assume that "a person occupying Mr. Van Camp's status was not intended to be exempted from discovery under Rule 26(b)(4)(B)." (Suggestions at 3.) The Advisory Committee Notes are to the contrary. See 48 F.R.D. at 504 (1970). The parenthetical language in the first paragraph addressing itelf to Rule 26(b)(4)(B) supports by strong negative implication our view that an in-house expert may be specially employed as well as an expert drawn from personnel other than the party's own. It follows that no special relevance attaches to Van Camp's status as a general partner in Touche in the specific context of whether he is a Rule 26(b)(4)(B) expert. This status as a partner is meaningful in the context of Rule 30(a), where the issue of whether one is a party has significance. However, the real question is not under Rule 30(a), but instead arises under the limiting rule imposed by Rule 26(b)(4)(B). In addition, the new case cited to the court, *Rodrigues v. Hrinda*, 56 F.R.D. 11 (W.D.Pa.1972) is inapposite. In *Hrinda*, doctor-experts who were also the defendants in a medical malpractice action were not allowed to invoke Rule 26(b)(4) as against plaintiff's deposition request. Here, Van Camp's affidavit takes him outside the rule in *Hrinda*, which we have no quarrel with, since unlike the doctors, he was not in charge of, nor did he participate in the transactions which plaintiffs and the underwriters claim injured them—the Topsy's auditing engagements. See *Hrinda*, 56 F.R.D. at 13.

sition not be taken; that the motion filed by the underwriters requesting reconsideration of our Memorandum and Order of July 18, 1975 be denied; and that the underwriters' request for oral argument of their motion also be denied.

It is further ordered that John Van Camp may not be called as a witness at trial by Touche, Ross & Company.