**Sheffield B. BARKWELL and Wakaka Y. Barkwell, husband and wife, Plaintiffs,**

v.

**STURM RUGER CO., INC., a Connecticut Corporation, Defendant.**

**Civ. No. F76–11.**

United States District Court,
D. Alaska.

Aug. 1, 1978.

---

H. Bixler Whiting, Fairbanks, Alaska, for plaintiffs.

David H. Thorsness, Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

von der HEYDT, Chief Judge.

THIS CAUSE comes before the court on defendant's motion to reconsider. To the extent that this motion requests the court to reconsider its prior order the motion is granted.

This litigation involves the accidental shooting of plaintiff, Sheffield Barkwell. In this action he and his wife seek recovery in tort based essentially upon theories of products liability. Defendant is the manufacturer of the weapon which it is alleged accidentally discharged when dropped. The court takes judicial notice of the fact that there are numerous other lawsuits involving similar accidents pending or resolved in Alaska and other states. Rule 201(b)(2) Fed.R.Evid. Plaintiffs' counsel in the present action represents or has represented several other plaintiffs in such actions.

The issue for decision in the present motion is whether, and to what extent, plaintiffs can depose an expert presently employed by defendant who is not going to be called as a witness at trial. In a prior order this court allowed the deposition to be taken without limitation upon its scope. That order was based in substantial part upon a ruling by a State Superior Court Judge in similar litigation. The state case now has settled and defendant has moved for reconsideration. It would add little to this discussion for the court merely to reiterate its prior conclusions and as one new issue of substantial importance has been raised by the opposition to this motion the court will consider the entire matter as if presented upon the initial discovery motion.

Certain relevant facts are not disputed in this case. Witness Hillberg is a firearms expert who has conducted substantial research on gun safety mechanisms. This research apparently involved historical research into the state of the art for various periods of time extending back at least 70 years. The research also involved the manufacturing and testing of various gun safety mechanisms. The issue of gun safeties is central to this litigation and many related cases. On July 28, 1976, Mr. Hillberg wrote to plaintiffs' attorney. In some manner Mr. Hillberg had learned that plaintiffs' attorney had obtained a substantial verdict in another similar case,[1] and his letter indicates his desire to work with plaintiffs' counsel in other such cases. Mr. Hillberg did perform certain services for plaintiffs' counsel in other cases but none were performed specifically for this case. Subsequently Mr. Hillberg was retained as an independent consultant for defendant Sturm Ruger. Plaintiffs now wish to depose Mr. Hillberg for the purposes of the present action.

The court has examined the materials submitted regarding the present status of Mr. Hillberg and concludes that he is an

---

1. That case, *Day v. Sturm Ruger*, presently is on appeal to the Alaska Supreme Court.

expert who has been specifically retained in anticipation of litigation who will not be called for trial. Thus, it is clear that this *motion* is governed in part by Rule 26(b)(4)(B), Fed.R.Civ.Pro. That Rule states:

> Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

> \* \* \* \* \* \*

> A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only . . . upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

■ Plaintiffs contend that Mr. Hillberg's qualifications are exceptional and that the information he has is unique. In the alternative they argue that it will be expensive to retain their own expert on these matters. Plaintiffs' burden on this matter is great. *See generally,* 8 Wright & Miller, *Federal Practice & Procedure,* § 2032. The court has reviewed the material submitted and concludes that it will not be impracticable for plaintiffs to obtain facts or opinions on the subject by other means. Thus, at least a portion of the motion must be decided in defendant's favor.

The issue remaining, however, is the extent of the protection afforded. Plaintiffs assert that a portion of the opinions held by Mr. Hillberg were developed prior to his association with defendant and are routinely discoverable. The court agrees with this analysis.

■ Rule 26(b)(4)(B) by its very terms applies only to "facts known and opinions held by experts . . . acquired or developed in anticipation of litigation . . ."

Hence, that subdivision does not apply to facts known or opinions held which were not acquired or developed in anticipation of litigation. Wright & Miller, *supra,* at § 2033; 48 F.R.D. at 503. The materials submitted establish that much of Mr. Hillberg's information was acquired prior to his retention by Sturm Ruger. This material is discoverable without regard to Mr. Hillberg's status as an expert. *See Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery,* 48 F.R.D. 487, 503; Annot: *Pretrial Discovery—Experts' Opinion,* 33 A.L.R.Fed. 403, 428 *et seq.*

This holding is similar to that reached in *Grinnell Corp. v. Hackett,* 70 F.R.D. 326 (D.R.I.1976), wherein the court concluded that an expert who had been retained by one party could be freely deposed as to material concerning a master's thesis which was relevant to the litigation. The master's thesis was researched for the two years preceding the litigation.

■ A final issue not addressed in *Grinnell* but present in this case is the question whether Mr. Hillberg can be deposed concerning the opinions formed or facts learned while employed by plaintiffs' counsel. A literal reading of Rule 26(b)(4)(B), Fed.R.Civ.Pro., would preclude this area of inquiry as this material was acquired in anticipation of litigation. The Advisory Committee's notes, however, indicate that Rule 26(b)(4) was promulgated to deal with discovery of information obtained "by a party from an expert retained by *that* party . . . ." (Emphasis added). 48 F.R.D. at 503. It is also apparent that the entire thrust of the Rule is to prevent one party from utilizing the services of the opponent's experts by means of a deposition. The Rule, therefore, does not apply to the opinions held or facts known by this expert prior to his employment by Sturm Ruger.

In summary, the court concludes that Mr. Hillberg is protected by the terms of Rule 26(b)(4)(B), from giving information acquired or opinions formed subsequent to his employment with Sturm Ruger. However, he is subject to a deposition as an ordinary

witness as to such information acquired and opinions held prior to such employment.

Accordingly IT IS ORDERED:

1. THAT to the extent that defendant's motion to reconsider requests the court to alter its prior order the motion is granted in part and denied in part in conformity with this memorandum.

2. THAT plaintiffs may have 45 days in which to take Mr. Hillberg's deposition. Should Mr. Hillberg refuse to answer any questions plaintiffs' counsel is directed to make a record sufficient to allow the court to rule on a motion to compel. Mr. Hillberg is directed to specifically state any objections.