**Evelyn Piper DOWNING, et al., Plaintiffs–Appellees,**

v.

**BOWATER, INCORPORATED, et al., Defendants–Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Sept. 29, 1992.

Rehearing Denied Oct. 21, 1992.

Application for Permission to Appeal Denied by Supreme Court Dec. 21, 1992.

Robert R. Campbell, William F. Alley, Jr., Knoxville, Phillip A. Fleissner, Chattanooga, for defendants-appellants.

Charles R. Smith, Jr. & Douglas J. Fees, Huntsville, AL, Clinton H. Swafford, Winchester, Charles J. Gearhiser & Michael A. Anderson, Chattanooga, for plaintiffs-appellees.

OPINION

GODDARD, Judge.

In this Rule 10 appeal, counsel for Bowater succinctly states the issue to be determined as follows:

DOES WORK PRODUCT, PRIVILEGED DURING PRIOR LITIGATION, RETAIN THAT PRIVILEGE IN SUBSEQUENT RELATED LITIGATION SO AS TO BE NON–DISCOVERABLE PURSUANT TO T.R.C.P. 26.02(3) AND 26.02(4)(B)? FURTHER, ARE RETAINED CONSULTING EXPERTS, NOT EXPECTED TO TESTIFY AT TRIAL, IMMUNE FROM DISCOVERY AS TO FACTS AND OPINIONS DEVELOPED IN THEIR FIELD OF EXPERTISE PRIOR TO THEIR EMPLOYMENT, PURSUANT TO T.R.C.P. 26.02(4)(B)?

The facts necessary for resolution of this appeal will now be detailed. The case presently on appeal, which seeks both compensatory and punitive damages, and a number of others in various Federal and State Courts, arose in a multi-vehicle accident occurring on December 11, 1990, on Interstate 75 in McMinn County near the Hiwassee River, when the area wherein the accident occurred was covered with dense fog.

After Interstate 75 opened in the latter part of 1973, a number of multi-vehicle accidents occurred during foggy conditions, specifically in 1974, 1976, 1977, 1978 and 1979.

Bowater was sued along with other defendants as a result of the accidents in 1974 and 1979.

In preparation for the defense of these suits, Bowater employed an environmental consulting firm, formerly known as Environmental Research and Technologically, Inc., now ENSR Corporation. In neither of the lawsuits was any officer or employee of ERT listed or used as a trial witness. No written report was made of the consultation as to the 1975 litigation. However, such a report was prepared and delivered to Bowater in connection with the 1979 consultations.

After the accident giving rise to the suit now on appeal, Bowater again retained ENSR, the successor corporation, in anticipation of litigation. Additionally, Bowater retained a former government scientist, Dr. Steven R. Hanna, presently in private practice, to advise with regard to the litigation.

At the present stage of the proceedings, neither Dr. Hanna, ENSR, or any person at ENSR has been listed as a trial witness.

In response to motions filed by the Plaintiffs, the Trial Court held as pertinent to this appeal that the non-witness consulting experts could be discovered as to any studies performed for Bowater prior to the December 11, 1990, accident. His ruling was predicated upon his determination that although the consultations and material generated from the previous litigations were work product during those litigations and were not discoverable at the time, they nevertheless lost their privilege upon the termination of those suits.

He also held that Dr. Hanna could be examined as to any information discovered or opinions formed prior to his being employed by Bowater.

■ Resolution of the issues raised is controlled by the provisions of the Tennessee Rules of Civil Procedure set out in Bowater's issues:

*26.02. Discovery Scope and Limits.*—Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

. . . .

(3) TRIAL PREPARATION: MATERIALS. Subject to the provisions of subdivision (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or le-

gal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37.01(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(4) TRIAL PREPARATION: EXPERTS. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

....

(B) A party may not discover the identity of, facts known by, or opinions held by an expert who has been consulted by another party in anticipation of litigation or preparation for trial and who is not to be called as a witness at trial except as provided in Rule 35.02 or upon a showing that the party seeking discovery cannot obtain facts or opinions on the same subject by other means.

We find and are cited to no Tennessee cases construing the foregoing rules in the context of this case. However, Bowater has cited to a number of cases from the various Federal Circuit Courts and one from the Supreme Court of the United States which hold that under a similar Federal Rule (see appendix), the work product, particularly as to related litigation, remains privileged. *F.T.C. v. Grolier Inc.*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983); *In re Murphy*, 560 F.2d 326 (8th Cir.1977); *United States v. Leggett & Platt, Inc.*, 542 F.2d 655 (6th Cir.1976); *Duplan Corporation v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974); *Duplan Corporation v. Moulinage et Retorderie de Chavanoz*, 487 F.2d 480 (4th Cir.1973).

The rationale for such a holding is found in the case of *In re Murphy*, 560 F.2d 326, as follows (at page 334):

In view of the *Hickman* [*Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ], rationale and the policies of Rule 26(b)(3), we conclude that the work product privilege applies to documents prepared in anticipation of terminated litigation. The primary purpose of the work product privilege is to assure that an attorney is not inhibited in his representation of his client by the fear that his files will be open to scrutiny upon demand of an opposing party. Counsel should be allowed to amass data and commit his opinions and thought processes to writing free of the concern that, at some later date, an opposing party may be entitled to secure any relevant work product documents merely on request and use them against his client. The work product privilege would be attenuated if it were limited to documents that were prepared in the case for which discovery is sought. What is needed, if we are to remain faithful to the articulated policies of *Hickman*, is a perpetual protection for work product, one that extends beyond the termination of the litigation for which the documents were prepared. Any less protection would generate the very evils that the Court in *Hickman* attempted to avoid.

An ancillary issue is whether the work product documents prepared in the terminated litigation are protected from discovery only if they discuss issues that are closely related to the issues in the pending litigation. Some courts have expressed the view that the issues in the two cases must be closely related in order to extend protection to the previously

prepared documents. *E.g., Midland Investment Co. v. Van Alstyne, Noel & Co.,* 59 F.R.D. 134, 138 (S.D.N.Y.1973); *see 4 Moore's Federal Practice* ¶ 26.64[2] (2d ed. 1976); *8 C. Wright & A. Miller, Federal Practice and Procedure* § 2024, at 200–01 (1970). However, the court in *Duplan, supra,* 487 F.2d at 484 n. 15, refused to allow this aspect of the work product privilege to rest on the "technical touchstone" of relatedness. We agree with the conclusion in *Duplan.* If work product is protected in related, but not unrelated future cases, an attorney would be hesitant to assemble extensive work product materials because of the concern that the materials will not be protected in later, unrelated litigation. The unrelatedness of the subsequent litigation provides an insufficient basis for disregarding the privilege articulated in *Hickman* and incorporated in Rule 26(b)(3). The mischief engendered by allowing discovery of work product recognized in *Hickman* would apply with equal vigor to discovery in future, unrelated litigation.

On the other hand, we have been cited a number of cases by the Plaintiffs' counsel which they contend hold contra. *In re "Agent Orange" Product Liability Litigation,* 105 F.R.D. 577 (E.D.N.Y.1985); *Barkwell v. Sturm Ruger Co., Inc.,* 79 F.R.D. 444 (D.Alaska 1978); *Sullivan v. Sturm, Ruger & Co., Inc.,* 80 F.R.D. 489 (D.Mont. 1978); *Norfin, Inc. v. International Business Machines Corp.,* 74 F.R.D. 529 (D.Colo.1977).

It will be noted that the foregoing cases are all from the District Courts and thus less authoritative.

Upon review of the entire record, we are persuaded that the work product, which was privileged in preparation for Bowater's prior litigation, remains *so* in subsequent litigations.

In reaching our conclusion as to this point, we are aware that the Tennessee Rule and the Federal Rule are not identical. However, in our opinion they are sufficiently similar that interpretation of the Federal Rule by Federal Courts is persuasive authority for our interpretation of the Tennessee Rule.

■ As to the second question presented in Bowater's issue, which is governed by sub-section 4(B), we hold that, except as hereinafter provided, ENSR and Bruce A. Egan, a principal scientist with ENSR, are shielded from discovery of facts known by or opinions formed by them after their first employment by Bowater.

Dr. Hanna, we believe, stands on the same footing insofar as facts known by or opinions formed by him after his first employment by Bowater. However, as to his research prior to his employment by Bowater, we are disinclined to permit Bowater, as it were, to buy his silence.

The judgment of the Trial Court is modified to provide that any work product generated pursuant to defense of prior litigation involving foggy conditions retains its privileges and that if the sole purpose of the discovery is to obtain facts learned or opinions formed, none of the non-witness experts employed by Bowater may be discovered as to such subsequent to their first employment by Bowater.

■ However, in the present case, which seeks punitive as well as compensatory damages, it may well be that the knowledge learned by Bowater from investigations of prior claims by its non-witness experts would have a bearing on its liability in the case at bar. For example, it could be relevant to the case if the information, including opinions, previously provided by an expert showed that Bowater was aware that it contributed to conditions causing the excessive fog and could have corrected its involvement within a reasonable time at reasonable expense before the accident in issue. If the Plaintiffs establish that the information previously disclosed to Bowater is relevant, but cannot be obtained by other means, Rule 26.02(4)(B) allows for its discovery by them, regardless of the information being categorized as fact, opinion, or both. *See, e.g., Delcastor, Inc. v. Vail Associates, Inc.,* 108 F.R.D. 405, 408–409 (D.Colo.1985).

We leave such determinations to the Trial Court. Accordingly, the case is remanded to the Trial Court for further proceedings consistent with this opinion. Costs of the appeal are adjudged one-half to the Plaintiffs and one-half to Bowater.

FRANKS, J., and JOSEPH M. TIPTON, Special Judge, concur.

## APPENDIX

*28 U.S.C.A.*

*Rule 26. General Provisions Governing Discovery*

. . . .

(b) *Scope of Discovery.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

. . . .

(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

. . . .

(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

## OPINION ON PETITION TO REHEAR

Bowater, Incorporated, has filed a petition to rehear, which the Court finds to be without merit, and it is accordingly denied. Costs incident thereto are adjudged against Bowater.