JOHN M. CANNON, GRAYSON )
SMITH CANNON, AND CANNON, )
CANNON & COOPER, )
)
    Plaintiffs/Appellees, )
) Appeal No.
VS. ) 01-A-01-9505-CV-00195
)
SUSAN GARNER, ABBY ) Davidson Circuit
RUBENFELD, Individually and d/b/a ) No. 94C-3306
RUBENFELD & ASSOCIATES, )
)
    Defendants/Appellants. )
)
DAVID COOPER, )
)
    Plaintiff/Appellee, )
)
VS. )
)
SUSAN GARNER, ABBY )
RUBENFELD, Individually and d/b/a )
RUBENFELD & ASSOCIATES, )
)
    Defendants/Appellants. )

FILED

December 1, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ, JUDGE

CHARLES PATRICK FLYNN
GERALD D. NEENAN
200 Fourth Avenue North
Nashville, Tennessee 37219
    Attorney for Plaintiff/Appellee John M. Cannon, et al.

JOHN P. BRANHAM
150 Fourth Avenue North
Nashville, Tennessee 37219
    Attorney for Plaintiff/Appellee David Cooper

WINSTON S. EVANS
DENNIS J. MEAKER
150 Fourth Avenue North
Nashville, Tennessee 37219-2424
    Attorney for Defendants/Appellants

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

The appellants are two lawyers who are defendants below in a malicious prosecution and abuse of process case. We granted their motion for an extraordinary appeal, to review the trial court's holding that the work product doctrine did not prevent the discovery of certain information generated in the prior case. We affirm the trial court's order.

## I.

The appellants represented a plaintiff in a sexual harassment action against the appellees, members of another law firm. When the plaintiff in the original action non-suited her sexual harassment claim, the original defendants sued her lawyers for malicious prosecution and abuse of process. The complaint alleges that the appellants brought the original action knowing -- or with access to information that would have shown -- that the claims against the appellees were false.

The appellants answered the complaint and alleged that they made a full and complete investigation of the claims against the appellees. However, they resisted all discovery of the facts surrounding their investigation by asserting the attorney-client privilege and the work-product doctrine. In a motion to compel, the trial judge overruled the objection based on work-product but reserved judgment on the attorney-client privilege. We granted the appellants' Rule 10, Tenn. R. App. Proc. motion.

## II.

### Work Product

The work product rule, sometimes called a privilege, *Oberkircher v. Chicago Transit Authority*, 41 Ill. App. 2d 68, 190 N.E.2d 170 (1963), or a qualified immunity from discovery, *International Tel. & Tel. Corp. v. United Tel. Co.*, 60 F.R.D. 177 (M.D. Fla. 1973), is generally traced to the decision of the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The federal rule is now codified in rule 26(b)(3) of the Federal Rules of Civil Procedure.

The Tennessee rule is found in Rule 26.02(3), Tenn. R. Civ. Proc., the relevant portion of which provides:

> TRIAL PREPARATION: MATERIALS. Subject to the provisions of subdivision (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The issue in this case does not come within the literal terms of rule 26.03(3), because the rule refers to information generated and impressions gained in preparation for litigating the case in which the rule is invoked. In the present case, the rule is invoked to shield discovery of information generated in a prior case. Nevertheless, the courts have generally held that Rule 26.03(3)'s protection of work product extends to subsequent cases. See *F.T.C. v. Grolier, Inc.*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983). In *Downing v. Bowater, Inc.*, 846 S.W.2d 265 (Tenn. App. 1992), the Eastern Section of this court held that a report prepared for the defendant (Bowater) in connection with the defense of an action in 1979 was still immune from discovery in an action in 1990, based on the same conduct giving rise to the negligence claim.

The parties disagree over whether the *Bowater* decision is restricted to subsequent cases where the issues are closely related to the issues in the case where the information was generated. The appellants argue that the protection of work product extends to all subsequent cases, whether the issues are related or not. In that connection, we note that *Bowater* cites with approval a case that says "the mischief engendered by allowing discovery of work product recognized in *Hickman* would apply with equal vigor to discovery in future, unrelated litigation." See *In Re Murphy*, 560 F.2d 326 at 335 (8th Cir. 1977). The lower court avoided the application of the *Bowater* rule to this case by characterizing this part of the opinion as dicta. We agree that the reference in *Bowater* to future, unrelated litigation is dicta because the issues in both cases were closely related; in fact, they were the same, being based on the same charge of negligence. Whether the dicta should be totally ignored is, however, another question. See *Taylor v. Taylor*, 162 Tenn. 482, 40 S.W.2d 393 (1931).

We think that applying the *Bowater* rule to all future, unrelated litigation would require that work product be given absolute protection against discovery. With one or two exceptions, see *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir. 1974), the courts have rejected this argument. See *Holmgren v. State Farm Mut. Ins. Co.*, 976 F.2d 573 (9th Cir. 1992). Even the *Bowater* court recognized that the 1979 report might be discovered -- as relevant to the punitive damages issue -- if it showed that Bowater recklessly disregarded its contents, and the report could not be obtained by other means. See Rule 26.02(4)(B), Tenn. R. Civ. Proc.

In bad faith cases against insurance companies some courts have allowed the discovery of opinion work product where "mental impressions are at issue in the case and the need for the material is compelling." In *Charlotte Motor Speedway v. International Insurance Co.*, 125 F.R.D. 127 (M.D. N.C. 1989), the court held that,

"many courts faced with the issue of the production of opinion work product have recognized an exception to Rule 26(b)(3) protection for work product which concerns activities of counsel that are directly at issue." 125 F.R.D. at 130. In *Brown v. Superior Court*, 670 P.2d 725 (Ariz. 1983), the court said that opinion work product of an attorney could be discovered in a bad faith action against an insurer because its "substantial equivalent" could not be obtained by other means.

As we read the record in this case the questions addressed to the appellants proceeded along two lines. The first addressed the issue of "what did you do?", and the second concerned "what did you learn?" The work product rule does not cover the first line of questions because "what did you do" does not seek to discover "documents and tangible things" prepared for the attorneys in anticipation of litigation. "What did you learn", is covered by Rule 26.02(3) but we think the better result recognizes an exception where the activities of counsel are directly at issue. The appellees in this case have a substantial need for the information they are seeking, and there is no way for them to obtain the "substantial equivalent" of the information by other means. See *Brown v. Superior Court*, 670 P.2d 725 (Ariz. 1983).

### III.

The appellants also contest the trial court's award of sanctions for requiring the appellees to seek a motion to compel. The trial court awarded $150 to each of the lawyers for the appellees against one of the appellant's lawyers (and not against the appellants themselves.)

The unusual circumstances under which the parties were proceeding supply the appellants' best argument. The trial court overruled the appellants' motion for a protective order at a Friday motion docket and the appellants' depositions were scheduled to begin on the following Monday. However, because the clerk's office failed to deliver the appellants' brief to the trial judge in time for the trial judge to fully consider it, the trial judge indicated to the appellants' lawyer that he might reconsider the motion upon reading the brief. Thus, a feeling of uncertainty persisted at the depositions.

Taking all that into account, however, we think the trial judge's action was proper. Some of the questions the appellants refused to answer fell in the "what did you do" category and, in our opinion, were not covered by the work product rule; and while an air of uncertainty covered the proceedings, the parties were operating in the face of a ruling by the trial judge with only a hint that he might reverse the ruling. Under such circumstances, we think the appellants assumed the risk of failing to answer questions in reliance on a work product defense.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE