ROCKY MOUNTAIN NATURAL
GAS COMPANY, Plaintiff,

v.

COOPER INDUSTRIES, INC., Defendant
and Third–Party Plaintiff,

v.

INDUSTRIAL MECHANICS, INC.,
Third–Party Defendant.

Civil Action No. 95–N–1892.

United States District Court,
D. Colorado.

May 6, 1996.

Robert T. McAllister, McAllister & Murphy, P.C., Denver, CO, Charles R. Talley, Lemle & Kelleher, New Orleans, LA, for Plaintiff.

C. Willing Browne, Hall & Evans, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

NOTTINGHAM, District Judge.

This is a tort action. The matter is before the court on Plaintiff Rocky Mountain Natural Gas Company's "Motion to Quash, for Protective Order and for Sanctions" filed March 15, 1996. On March 1, 1996, Defendant and Third–Party Plaintiff Cooper Industries, Inc. filed notices of the depositions of Ron Hall, John Rohde, and John Freeman, all of whom have been retained by plaintiff as consultative experts. Pursuant to rule 26(b)(4)(B) of the Federal Rules of Civil Procedure, plaintiff asks this court to (1) quash the noticed depositions and (2) issue a protective order prohibiting defendant from conducting any discovery of its consultative experts. Jurisdiction is based on 28 U.S.C.A. § 1332 (West 1993).

## FACTS

On February 15, 1996, plaintiff and Parker–Hannifin, Inc., which was then a defendant in this case, entered into an agreement to settle this litigation between them. As part of the settlement, Parker–Hannifin and plaintiff agreed that three expert witnesses whom Parker–Hannifin had employed in connection with its defense—Ron Hall, John Rohde, and John Freeman—would become plaintiff's consultative experts. Plaintiff asserts that it placed substantial value on this part of the settlement agreement because it wanted the three experts to be "the 'devil's advocates' which [sic] will assist with preparing for the attacks that will be made upon the opinions of plaintiff's testifying experts." (Mem. in Supp. of Mot. to Quash, for Protective Order and for Sanctions at 2 [filed

March 15, 1996].) On February 20, 1996, pursuant to the stipulation of Parker–Hannifin and plaintiff, Parker–Hannifin was dismissed from this case with prejudice.

On March 1, 1996, defendant filed notices of the depositions of Hall, Rohde, and Freeman. On March 15, 1996, plaintiff filed the instant motion to quash. According to plaintiff, rule 26(b)(4)(B) of the Federal Rules of Civil Procedure precludes defendant from deposing its consultative experts or otherwise discovering factual knowledge or opinions they acquired during their employment by either Parker–Hannifin or plaintiff in connection with this litigation. Defendant, on the other hand, maintains that any factual knowledge or opinions the consultative experts acquired prior to being retained by plaintiff is discoverable. In other words, defendant asserts that it is entitled to discover information and opinions plaintiff's consultative experts gained while working for Parker–Hannifin.

## ANALYSIS

■ Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure provides:

A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Fed.R.Civ.P. 26(b)(4)(B). "The rule is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." *Durflinger v. Artiles,* 727 F.2d 888, 891 (10th Cir.1984).

In keeping with this underlying policy of rule 26(b)(4)(B), courts have not allowed parties to discover factual knowledge and opinions possessed by an opposing party's consultative experts where the experts acquired the information (1) through their employment with the opposing party and (2) in anticipation of the underlying litigation. *See, e.g., In re Sinking Barge "Ranger I" Casualty,* 92 F.R.D. 486, 488–89 (S.D.Tex.1981); *Seiffer v. Topsy's Int'l, Inc.,* 69 F.R.D. 69, 72 (D.Kan. 1975). Courts recognize, however, that rule 26(b)(4)(B) permits a party to engage in discovery with respect to information consultative experts acquired *prior* to being retained by an opposing party in anticipation of the underlying litigation. *See, e.g., Eliasen v. Hamilton,* 111 F.R.D. 396, 403 (N.D.Ill.1986) (explaining that "the purpose of [rule 26(b)(4)(B) ] is to protect from discovery only those facts and opinions the expert has acquired and developed for the client who hired him in anticipation of litigation or for trial"); *Sullivan v. Sturm, Ruger & Co.,* 80 F.R.D. 489, 491 (D.Mont.1978) (consultative expert's knowledge and opinions were discoverable to the extent that they "were not developed for [the underlying] lawsuit, and more importantly, were not developed for the use of [the opposing party]"); *Barkwell v. Sturm Ruger Co.,* 79 F.R.D. 444, 446 (D.Alaska 1978) ("[T]he entire thrust of [rule 26(b)(4)(B) ] is to prevent one party from utilizing the services of the opponent's experts by means of a deposition. The Rule, therefore, does not apply to the opinions held or facts known by [the] expert prior to his employment by [the defendant].")); *Nelco Corp. v. Slater Elec. Inc.,* 80 F.R.D. 411, 414 (E.D.N.Y.1978) ("[The consultative expert] would be required to respond to questions propounded to him as to facts known and opinions held prior to his involvement as an expert in the underlying litigation.").

■ Here, plaintiff seeks to prevent defendant from deposing its consultative experts with respect to facts and opinions they acquired in anticipation of this litigation, regardless of whether they acquired the information through their work for plaintiff or for Parker–Hannifin. Thus, the issue presented is: Does rule 26(b)(4)(B) preclude discovery of facts and opinions an opposing party's consultative experts acquired in anticipation of the instant litigation but prior to being retained by the opposing party?

As stated above, rule 26(b)(4)(B) is designed to prevent a litigant from unfairly benefitting from an opposing party's work

and preparation. *See Durflinger,* 727 F.2d at 891. There is no risk of such an unfair benefit in this case. Plaintiff is not responsible for the information and opinions its consultative experts acquired regarding this case before plaintiff retained them. To the contrary, it was though *Parker–Hannifin's* preparation, diligence, and industry that the consultative experts gained their knowledge about this case. Thus, if Parker–Hannifin were seeking to prevent defendant from deposing the experts regarding information and opinions they acquired while in Parker–Hannifin's employ, it would be entitled to have the noticed depositions quashed and a protective order entered. *See, e.g., In re Sinking Barge "Ranger I" Casualty,* 92 F.R.D. at 488–89; *Topsy's Int'l, Inc.,* 69 F.R.D. at 72. Parker–Hannifin, however, is no longer a party to this case.

Nevertheless, plaintiff maintains that defendant cannot discover the facts and opinions the consultative experts acquired while they were employed by Parker–Hannifin because plaintiff has paid a settlement premium for sole access to that information. (See Reply Mem. of Rocky Mountain Natural Gas Company at 3 [filed Mar. 29, 1996].) Allowing a party to "buy" the right to suppress information which would otherwise be discoverable, however, is contrary to the principles behind the discovery rules. *See Williamson v. Superior Court of Los Angeles County,* 21 Cal.3d 829, 148 Cal.Rptr. 39, 582 P.2d 126, 131–32 (Cal.1978) (compelling disclosure of expert report where one co-defendant paid another co-defendant to withdraw authoring expert as a witness in effort to preclude discovery of the report); *Petterson v. Superior Court of Merced County,* 39 Cal.App.3d 267, 273, 114 Cal.Rptr. 20 (Cal.Dist.Ct.App. 1974) (explaining that rule precluding discovery of consultative experts is "a shield to prevent a litigant from taking undue advantage of his adversary's industry and effort, not a sword to be used to thwart justice"). Thus, I reject plaintiff's suggestion that a party which "purchases" a former party's experts is entitled to the same protection under rule 26(b)(4)(B) as a party which retains and works with consultative experts over the course of a litigation.

In sum, because Parker–Hannifin is no longer a party to this case, allowing defendant to depose the consultative experts regarding information they acquired as a result of Parker–Hannifin's diligent preparation does not implicate the policy concerns behind rule 26(b)(4)(B). Further, allowing discovery in this instance is in keeping with a liberal construction of the discovery rules. *See Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947) (deposition-discovery rules must be construed liberally). Accordingly, defendant may discover any facts and opinions plaintiff's consultative experts acquired before being retained by plaintiff.

## CONCLUSION

Based on the foregoing, it is therefore

ORDERED that plaintiff's motion to quash, for protective order and for sanctions is DENIED.